UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLOVIS BRAXTON COLLINS | * | NO: 22-1204 |
| | * | |
| VERSUS | * | SECTION: L |
| | * | JUDGE ELDON E. FALLON |
| MARQUETTE TRANSPORTATION | * | MAGISTRATE: 3 |
| COMPANY, LLC AND AMERICAN | * | JUDGE DANA M. DOUGLAS |
| RIVER TRANSPORTATION CO, LLC | * | |

******************************************************************************

# ORDER AND REASONS

The Court has before it Defendant Marquette's Motion for Summary Judgment on Plaintiff's claims for negligence and unseaworthiness, R. Doc. 37, Defendant Marquette's Motion for Summary Judgment on Plaintiff's claims for maintenance and cure, R. Doc. 36; Defendant ARTCO's Motion for Summary Judgment on Plaintiff's claim for unseaworthiness, R. Doc. 35, and Defendant ARTCO's Motion for Summary Judgment on Plaintiff's claim for general maritime negligence, R. Doc. 38. Having considered the parties' briefing and the applicable law, the Court rules as follows.

I.   BACKGROUND

This case arises out of alleged negligence claims by Plaintiff Clovis Braxton Collins, an employee of Marquette Transportation Company, LLC ("Marquette"), who sustained injuries while aboard a vessel owned by Marquette moving barges maintained by American River Transportation Company, LLC ("ARTCO"). R. Doc. 14 at 1-2. Plaintiff slipped on cargo previously transported on the barge, which allegedly was not adequately removed or cleared off the deck. R. Doc. 14 at 2. Plaintiff sustained serious injuries to his back, neck, and other body

parts from the fall on ARTCO's barge. As a result of the accident, Plaintiff was and remains unfit and incapable of returning to his job as a seaman. R. Doc. 1 at 4.

Plaintiff asserts the following claims: (1) breach of duty of reasonable care, (2) failure to provide a reasonably safe place to work, (3) failure of ARTCO to ensure barges were adequately cleaned after cargo had been removed, (4) creation and maintenance of an unseaworthy vessel and barge, (5) failure to properly train and supervise plaintiff, and (6) failure to provide minimum safety requirements, adequate equipment, or adequate personnel. R. Doc. 14 at 3.

In their answer, Defendant Marquette generally denies liability and asserts affirmative defenses, including (1) improper venue due to a valid and enforceable forum selection agreement, (2) failure to state a claim, (3) Plaintiff sustained no accident, (4) Marquette is not liable for Plaintiff's failure to exercise reasonable or ordinary care for his own safety, (5) Marquette is not liable, (6) Plaintiff's failure to mitigate damages or follow doctor's orders, (7) Plaintiff's medical, physical, and mental conditions pre-existed the alleged accident, (8) awarding punitive damages would be a violation of U.S. Constitution, (9) limited liability under Shipowners' Limitation of Liability Act, 46 U.S.C § 30501, (10) any injuries sustained were the fault of a third party, and (11) Plaintiff's claims are barred by prescription, preemption, statute of limitations and/or latches. R. Doc. 15 at 1-7.

For their part, Defendant ARTCO likewise generally denies liability and asserts affirmative defenses, including (1) Plaintiff's claims are barred by latches and/or statute of limitations, (2) Plaintiff is not a seaman rather a longshoreman or shoreside worker, (3) Plaintiff's injuries are his own fault and caused by an open and obvious condition, (4) ARTCO was not negligent, (5) potential unseaworthiness of the vessel did not proximately cause Plaintiff's injuries, (6) Plaintiff's injuries predated the alleged accident, (7) Plaintiff is not

entitled to prejudgment interest on future damages nor punitive damages, (8) any injuries sustained were the fault of a third party, (9) Plaintiff failed to mitigate damages, and (10) limited liability under Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501. R. Doc. 20 at 16-17.

Plaintiff seeks damages including, but not limited to: (1) compensatory, special, and punitive damages; (2) attorney's and expert fees; and (3) any other relief appropriate. R. Doc. 1 at 4; R. Doc. 16 at 1-4.

## II.     PRESENT MOTIONS

As an initial matter, Plaintiff does not oppose Marquette's Motion for Summary Judgment on his claims for maintenance and cure, R. Doc. 36, nor ARTCO's Motion for Summary Judgment on his claims for unseaworthiness, R. Doc. 35. His only opposition arguments are to Marquette's Motion for Summary Judgment on his claims for negligence and unseaworthiness, R. Doc 37, and ARTCO's Motion for Summary Judgment on his claim for general maritime negligence, R. Doc. 38. Accordingly, Marquette's Motion for Summary Judgment on Plaintiff's claims for maintenance and care, R. Doc. 36, and ARTCO's Motion for Summary Judgment on Plaintiff's claim for unseaworthiness, R. Doc. 35, are GRANTED as unopposed.

As for the opposed motions, Defendant Marquette now moves this Court to grant summary judgment in its favor on Plaintiff's claims against Marquette for negligence and unseaworthiness. Marquette argues that summary judgment is appropriate on Plaintiff's claim against it for unseaworthiness because Plaintiff's injury did not occur aboard a vessel of which Plaintiff was a crewmember and, in the alternative, because Plaintiff has failed to create a genuine issue of material fact as to the unseaworthiness of the M/V PARACLETE, the vessel of which he was a crewmember. Marquette also argues that summary judgment is appropriate on Plaintiff's claims

against it for negligence because Plaintiff was adequately trained, admitted to noticing the condition of the barge on which he slipped before he fell and did not report it, and because Plaintiff cannot show that Marquette knew or should have known about the allegedly unsafe condition.

In response, Plaintiff argues that he has created a genuine issue of material fact as to whether the M/V PARACLETE itself was unseaworthy, and whether the M/V PARACLETE's unseaworthiness caused his accident on the barge. As to his claim against Marquette for negligence, Plaintiff argues that he has created a genuine issue of material fact as to whether any negligence on Marquette's part was a cause of his injury because discrepancies of fact exist in the record as to whether Marquette's slip and fall training was adequate and whether Marquette knew or should have known that failing to ensure that the M/V PARACLETE had access to Fleetcom, a barge tracking system, rendered Plaintiff's work on the barge unreasonably dangerous.

Additionally, Defendant ARTCO moves this Court to grant summary judgment in its favor on Plaintiff's claims against ARTCO for general maritime negligence. ARTCO argues that Plaintiff has failed to show that an unsafe condition existed on the barge at the time of his accident. In response, Plaintiff argues that there are genuine issues of material fact as to the condition of the barge at the time he fell which preclude summary judgment.

### III.   APPLICABLE LAW

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see*

*also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate[s] the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted).

IV.     DISCUSSION

The Court will first consider Marquette's Motion for Summary Judgment on Plaintiff's claims against it for negligence and unseaworthiness, R. Doc. 37, then continue to consider ARTCO's Motion for Summary Judgment on Plaintiff's claims against it for negligence, R. Doc. 38.

**A. Marquette's Motion for Summary Judgment**

Defendant Marquette moves for summary judgment on Plaintiff's claims against it for negligence and unseaworthiness. The Court will first address the question of unseaworthiness, then continue to address the question of negligence.

i. **Unseaworthiness**

First, Marquette asserts that summary judgment is appropriate on Plaintiff's claim against it for unseaworthiness because Plaintiff's injury did not occur aboard a vessel of which Plaintiff was a crewmember. It is uncontested that Marquette did not own the barge on which Plaintiff was injured, and that Plaintiff therefore cannot bring an unseaworthiness claim against Marquette for the unseaworthiness of the barge. Instead, Plaintiff argues that the M/V PARACLETE, the vessel of which it is undisputed that he was a crewmember, was itself unseaworthy due to its lack of access to Fleetcom, and that the unseaworthiness of the M/V PARACLETE was a cause of his injuries. Thus, Plaintiff argues that he may bring a claim against Marquette for unseaworthiness.

Marquette argues that a Plaintiff may bring a claim against it for the unseaworthiness of the M/V PARACLETE only for any injury which occurred on the M/V PARACLETE. In support of this argument, Marquette points to *Coakley v. Sea River Marine, Inc.*, 319 F. Supp. 2d 712 (E.D. La. 2004), *aff'd*, 143 Fed. App'x. 565 (5th Cir. 2005) (per curiam). In *Coakley*, the plaintiff was a crewmember of a tugboat which was towing a barge. The plaintiff slipped on ice on the barge and was injured. The court granted summary judgment to defendant on plaintiff's claim of unseaworthiness, reasoning that under *Smith v. Harbor Towing & Fleeting, Inc.*, 910 F.2d 312 (5th Cir.1990), because the barge was not owned by his employer, and plaintiff was not a crewmember of the barge, plaintiff could not bring an unseaworthiness claim against his employer for the unseaworthiness of the barge.

This case is distinguishable on its face: here, Plaintiff does not seek to bring a claim against Marquette for the unseaworthiness of the barge on which he fell, but for the unseaworthiness of the M/A PARACLETE itself, which he alleges was a cause of his accident on the barge. The *Coakley* court did state in dicta that "[u]nder *Smith*, the plaintiff was required to establish that he was a seaman with regard to the vessel on which he sustained his injury." *Coakley*, 319 F. Supp. 2d at 714. But this was not the reason for that court's decision, nor the ground upon which the Fifth Circuit affirmed it; and in fact, is not what *Smith* held. Similarly to the circumstances of *Coakley*, in *Smith* the plaintiff, a crewmember of a tugboat, slipped and fell on a barge while rigging it for towing. There, the court held that a Jones Act seaman cannot assert an unseaworthiness causse of action against a vessel on which he is not a crewmember. *Smith*, 910 F.2d at 312. In dicta, the court noted that Smith retained a variety of possible remedies as a Jones Act seaman, including "an unseaworthiness claim against his employer as vessel owner for any injury on the M/V TODD G," the tugboat of which he was a crewmember. But even if this language were not dicta, the fact that Smith might still have such a claim against his employer for an injury on the M/V TODD G does not thereby preclude Smith from bringing a claim against his employer injury caused by the unseaworthiness of the M/V TODD G but which actually occurred on a different vessel.

Precedent indicates the opposite: that there are in fact circumstances where a Jones Act seaman may hold his employer liable for an injury caused by the unseaworthiness of a vessel of which the seaman is a crewmember, but which did not occur on the vessel itself. For example, in *Burrage v. Flota Mercante Grancolombiana, S.A.*, 431 F.2d 1229 (5th Cir. 1970), the plaintiff slipped on coffee beans which had spilled onto the wharf from the bags in which they had been transported after being unloaded from defendant's vessel. The Fifth Circuit approved plaintiff's

claim against the vessel owner for unseaworthiness, reasoning that the coffee bags were not fit for the purpose for which they were intended—properly containing coffee beans—and that they therefore constituted defective cargo and rendered the vessel unseaworthy; thus, that the plaintiff's injury, while it occurred on the wharf, could have been caused the unseaworthiness of the vessel of which the plaintiff was a crewmember. *See also Gutierrez v. Waterman S. S. Corp.*, 83 S. Ct. 1185 (1963) (holding under similar circumstances that injuries which occurred on the wharf could be proximately caused by the vessel's unseaworthiness).

Therefore, the fact that Plaintiff in this matter was not injured on the M/V PARACLETE does not preclude him from bringing a claim against Marquette for his injuries on the separate barge allegedly caused by the unseaworthiness of the M/V PARACLETE. Summary judgment on this claim based on the location of Plaintiff's injury is thus DENIED.

In the alternative, Marquette argues that Plaintiff has failed to create a genuine issue of material fact as to whether the M/V PARACLETE was unseaworthy. Plaintiff argues that the M/V PARACLETE was unseaworthy because it lacked access to Fleetcom, a barge tracking system. Plaintiff asserts that Fleetcom, to which other Marquette vessel did have access, provides information about the barges that tugs like the M/V PARACLETE are tasked with towing, including information about the condition of the barge such as whether it has gone to the wash dock after being emptied of cargo. Plaintiff argues that had the M/V PARACLETE had access to this information, the captain of that vessel would have been able to warn him that the barge had not been washed before he boarded it, and thus his injury as a result of slipping on the remnants of the cargo, discarded grain, might have been avoided.

In opposition, Marquette argues that there is no evidence that the M/V PARACLETE's lack of Fleetcom rendered it unseaworthy, or that, if it did, the alleged unseaworthiness of the M/V PARACLETE caused Plaintiff's accident.

A vessel owner is responsible for the injuries of a seaman that result from the unseaworthiness of its vessel when that unseaworthy condition was a proximate cause of the injuries. *See, e.g.*, *Luwisch v. American Marine Corporation*, 2018 WL 3031887 at *3 (E.D.La. 2018). Proximate cause requires the unseaworthy condition to play "a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness." *Id.* Vessel owners have a duty to provide a vessel that is reasonably fit for its intended use. *Drachenberg v. Canal Barge Co.*, 571 F.2d 912, 918 (5th Cir. 1978). This duty requires that the vessel, its gear, appurtenances, and operation to be reasonably safe. *Id*. A vessel is deemed unseaworthy if a condition on the vessel presents an unreasonable risk of harm. *Id.* An unseaworthy condition can exist by virtue of defective gear, appurtenances in disrepair and an unfit crew. *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494 (1971).

At the summary judgment stage, taking the facts in the light most favorable to the Plaintiff, the Court holds that Plaintiff has created a genuine issue of material fact as to whether the M/V PARACLETE was unseaworthy as a result of its lack of access to Fleetcom, and whether that lack of access was a proximate cause of his injuries. There is ample evidence in the record that Marquette was aware that, when unwashed, the barges they were tasked with towing often retained remnants of cargo which could present a fall risk. If the M/V PARACLETE had been equipped with Fleetcom, as were other Marquette vessels, the captain could have warned the Plaintiff of the condition of the barge and Plaintiff would have been in possession of the

information that the barge on which he was injured had not been washed, and either avoided that route or taken extra precautions. This lack of knowledge was arguably a proximate cause of Plaintiff's slip and fall on the dirty barge's grain remnants. Accordingly, Marquette's motion for summary judgment on this claim DENIED.

### ii. Negligence

Next, Marquette moves for summary judgment on Plaintiff's claims against it for general maritime negligence. Marquette argues that Plaintiff has failed to create a genuine issue of material fact as to whether the barge on which he slipped was unreasonably unsafe or that Marquette knew or should have known about the unsafe condition. In response, Plaintiff argues that multiple disputed facts preclude summary judgment on these issues.

As the Fifth Circuit has explained:

> [b]ecause of the peculiarly elusive nature of the term 'negligence' and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it is the rare personal injury case which can be disposed of by summary judgment[.]

*Gauck v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965). This reasoning is "particularly applicable to Jones Act cases[,]" *Luwisch*, 2018 WL 3031887 at *4, where the vessel owner owes a crewmember a reasonably safe place to work. "Because of the policy of providing an expansive remedy for seamen, submission of Jones Act claims to a jury requires a very low evidentiary threshold; even marginal claims are properly left for jury determination." *Leonard v. Exxon Corp.*, 581 F.2d 522, 524 (5th Cir. 1978) (citing *Barrios v. La. Construction Materials Co.*, 465 F.2d 1157, 1162 (5th Cir. 1972)). "Summary judgment is rarely granted in maritime negligence cases because the issue of whether a defendant acted reasonably is ordinarily a

question for the trier of fact." *Luwisch*, 2018 WL 3031887 at *4 (citing *Christensen v. Georgia–Pacific Corp.*, 279 F.3d 807, 813 (9th Cir. 2002)).

In this case, the summary judgment record, viewed in the light most favorable to the Plaintiff, suggests that a factfinder could reasonably conclude that Marquette was negligent, and that Marquette's negligence contributed to Plaintiff's injuries. Marquette relies on its arguments that it provided its workers slip and fall training, and that Plaintiff was an experienced deckhand, to argue that Plaintiff himself should have recognized the alleged dangers of the dirty barge and reported them himself. But "[t]he issue of proximate cause turns on whether the employer's actions contributed *even in the slightest degree* and is not destroyed merely because the plaintiff also contributed to his own injury." *Gavagan v. United States*, 955 F.2d 1016, 1018 (5th Cir. 1992) (emphasis added). As Plaintiff argues, both Plaintiff himself and Wilson, the witness to Plaintiff's accident and another Marquette deckhand, testified that dirty or slippery barge conditions were not conditions which they were trained to report to their captain. Contrary to Marquette's argument that Plaintiff was trained and experienced and should have recognized the dirty barge as a hazard were it indeed so, the fact that neither Plaintiff nor Wilson recognized this hazard could be reasonably interpreted by a jury as an indication that Marquette's slip and fall training was negligently inadequate. Accordingly, Marquette's motion for summary judgment on this claim is DENIED.

### B. ARTCO's Motion for Summary Judgment

Defendant ARTCO also moves for summary judgment on Plaintiff's claim for negligence, adopting Marquette's arguments that Plaintiff failed to show that an unsafe condition existed on the barge at the time of his accident. However, as explained *supra*, summary judgment is rarely granted in maritime negligence cases because the issue of whether a defendant acted reasonably

is ordinarily a question for the trier of fact. Here, viewing the facts in the light most favorable to the Plaintiff, the Court finds that a reasonable jury could determine that ARTCO acted unreasonably in failing to warn Plaintiff of the dirty condition of the barge and the lack of non-skid coating, and that this negligence was a proximate cause of Plaintiff's injuries. Accordingly, ARTCO's motion for summary judgment on Plaintiff's claim against it for negligence is also DENIED.

V.  CONCLUSION

For the foregoing reasons, Marquette's Motion for Summary Judgment on Plaintiff's claims for maintenance and cure, R. Doc. 36, and ARTCO's Motion for Summary Judgment on Plaintiff's claims for unseaworthiness, R. Doc. 35, are **GRANTED** as unopposed. Marquette's Motion for Summary Judgment on Plaintiff's claims for negligence and unseaworthiness, R. Doc. 37, and ARTCO's Motion for Summary Judgment on Plaintiff's claim for general maritime negligence, R. Doc. 38, are **DENIED**.

New Orleans, Louisiana, this 4th day of May, 2023.

_____
United States District Judge